IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTOPHER KEALOHA, #A0265817; Fed. ID 99915-555, ) ) | CIV. NO. 16-00486 JMS/KJM |
| Plaintiff, ) ) ) | ORDER DISMISSING COMPLAINT IN PART |
| vs. ) ) | |
| NOLAN ESPINDA, et al., ) ) | |
| Defendants, ) _____ ) | |

## ORDER DISMISSING COMPLAINT IN PART

Before the court is pro se Plaintiff Kristopher Kealoha's prisoner civil rights Complaint. ECF No. 1. Kealoha alleges that Department of Public Safety ("DPS") and Halawa Correctional Facility ("HCF") officials and staff[1] violated the Eighth and Fourteenth Amendments by (1) labeling him an informant for the

---

[1] Plaintiff names the following Defendants in their official and individual capacities: (1) DPS Director Nolan Espinda; (2) HCF Warden Francis Sequeira; (3) HCF Chief of Security Lyle Antonio; (4) DPS Division Administrators Michael Hoffman and (5) Shari Kimoto; (6) DPS "PCA" Gary Kaplan; (7) Resident Section Administrator ("RSA") Dovie Borges; (8) HCF Captain Dallen Paleka; (9) HCF Unit Team Manager ("UTM") Monica Chun; (10) HCF Adult Corrections Officer ("ACO") John Maguire, (11) ACO Paulo Faasuamanu; (12) ACO Kaipo Fiatoa; HCF medical providers (13) Elizabeth Cabrera, RN, (14) Tina Agaran, RN, (15) DPS Health Care Administrator Wesley Mun, (16) John Frauens, M.D., (17) Barney Toyama, M.D., and Does 1-200.

Federal Bureau of Investigation ("FBI") to provoke gang members and other inmates to attack him; and (2) failing to provide him medical care.[2]

The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Count I states a cognizable claim for relief against Defendants Espinda, Sequeira, Antonio, Hoffman, Kimoto, Kaplan, Borges, Paleka, Chun, Maguire, Faasuamanu, and Fiatoa. Count II fails to state a claim as alleged against Defendants Cabrero, Agaran, Mun, Dr. Frauens, and Dr. Toyama, is improperly joined in this action with claims in Count I, and is DISMISSED without prejudice. Doe Defendants 1-200 are also DISMISSED.

The court will issue a separate Service Order directing the United States Marshal to serve the Complaint on Defendants Espinda, Sequeira, Antonio, Hoffman, Kimoto, Kaplan, Borges, Paleka, Chun, Maguire, Faasuamanu, and Fiatoa, and they will be required to respond.

## I. STATUTORY SCREENING

The court must screen all complaints brought by prisoners proceeding in forma pauperis or seeking relief against a governmental entity, officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Complaints or

---

[2] The court reviews Kealoha's claims under the Eighth rather than the Fourteenth Amendment because he is a convicted prisoner, rather than a pretrial detainee. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979); *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015).

claims must be dismissed if they are frivolous, malicious, fail to state a claim on which relief may be granted, or seek relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The mere

possibility of misconduct, however, falls short of meeting the plausibility standard. *Id.*; *Moss*, 572 F.3d at 969.

Under 42 U.S.C. § 1983, among other elements, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). That is, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Pro se prisoners are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. PROCEDURAL HISTORY

On September 2, 2016, Kealoha commenced this action. ECF Nos. 1, 2. On September 15, 2016, Kealoha filed a Motion for Preliminary Injunction, asserting that, although he was scheduled for release on parole that day, he feared for his

life if he was either released on parole or at the expiration of his sentence in Hawaii. ECF No. 5. Kealoha sought an order directing the State to parole or release him in another state at the expiration of his sentence.

On October 11, 2016, the court held a status conference on Kealoha's Motion for Preliminary Injunction. ECF No. 14. Deputy Attorney General John M. Cregor entered a special appearance on behalf of Defendants and Kealoha appeared by telephone. After discussions held during and after the status conference, the parties agreed to Kealoha's transfer to FDC-Honolulu. ECF No. 15.

Kealoha was transferred to FDC-Honolulu on October 25, 2016. ECF No. 18. The court thereafter denied Kealoha's Motion for Preliminary Injunction as moot and instructed him to notify the court in writing whether he intended to proceed with this case or would voluntarily dismiss it without prejudice or payment. ECF Nos. 20, 21. The court stayed the action until Kealoha filed a response.

On December 14, 2016, having received no response from Kealoha, the court vacated the stay. ECF No. 27.

On December 19, 2016, Walter R. Schoettle, Esq., filed a notice of appearance as Kealoha's counsel. ECF No. 28. Schoettle stated that he would be

5

filing an amended complaint. The court suspended screening the Complaint and directed Schoettle to file any amended pleading on or before January 9, 2017. ECF No. 29.

On January 9, 2017, Schoettle moved to withdraw as Kealoha's attorney and for an extension of time to allow Kealoha to file an amended pleading pro se. ECF No. 31, 32. Kealoha thereafter moved to dismiss Schoettle as his counsel. ECF No. 35.

On January 26, 2017, the court granted Schoettle's and Kealoha's Motions, dismissed the Motion for Extension of Time to Amend Complaint as moot, and informed Kealoha that it would proceed with screening the Complaint. ECF No. 36.

## IV. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation and quotation marks omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

A.    **Count I:  Inmate Safety**

Kealoha alleges that Defendants Espinda, Sequeira, Antonio, Hoffman, Kimoto, Kaplan, Borges, Paleka, Chun, Maguire, Faasuamanu, Fiatoa, and Does 1-50 "labeled" him as an FBI informant to provoke gang members and inmates to assault him either in the prison or after he is released.  Compl., ECF No. 1, PageID ##12-15.  He alleges they did so because he had reported Defendants Faasuamanu and Fiatoa and four other ACOs (who are not named in this suit) to the FBI, for assaulting him on or about July 3, 2007, and for filing suit against DPS and these six ACOs in 2009.  *See Kealoha v. Dep't of Public Safety*, Civ. No. 09-00299 JMS-BMK (D. Haw. 2009), First Am. Compl., ECF No. 4.[3]

Kealoha further alleges that Defendants Sequeira, Antonio, Paleka, Chun, Maguire, Faasuamanu, Fiatoa, and Does 1-50 explicitly told "USO" gang members and other inmates to assault him.  *Id.*  He says Captain Paleka informed HCF staff about his grievances and "constant complaints of staff abuse and gang activities" to further Paleka's personal "objective of seeing [Kealoha] being physically hurt." *Id.*, PageID #14.  He claims ACO Faasuamanu "offered to bring in contraband (ice) to USO family gangmembers and other inmates" as incentive for them to

---

[3] On September 27, 2010, a settlement was reached and that action was dismissed.  *See Kealoha*, Civ. No. 09-00299, Order, ECF No. 29.

murder him. *Id.* Kealoha alleges Defendants' acts violated the Eighth Amendment.[4]

Prison officials have a duty to protect prisoners from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). Prison officials' failure to protect an inmate may violate the Eighth Amendment when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

To satisfy the first prong, an inmate must "'show[] that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 834). To satisfy the second prong, a defendant must have been aware of facts from which the inference could be drawn that a substantial risk of harm exists, and they must also have drawn and disregarded that inference. *Farmer*, 511 U.S. at 837.

---

[4] Kealoha does not assert a retaliation claim under the First Amendment, and, even construed liberally, the court does not read Count I as asserting such claim. If Kealoha intends to do so, however, he may seek leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a).

Labeling an inmate a "snitch" or informant can state a claim under § 1983 "for denial of the right not to be subjected to physical harm by employees of the state acting under color of law." *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989); *see also Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (stating guard's death threats, "viewed in the light of their retaliatory nature, their objectively credible basis, and their fear-inducing result . . . form the basis of an injury sufficiently serious to implicate the Eighth Amendment"); *Skinner v. U.S. Bureau of Prisons*, 283 F. App'x 598, 599 (10th Cir. 2008) ("[L]abeling an inmate a snitch satisfies the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate.") (citation omitted); *McPherson v. Beckstrom*, 2011 WL 13649, at *4 (E.D. Ky. Jan. 4, 2011) ("Courts have long held that prison officials who identify an inmate as a 'snitch' to other inmates, with intent to provoke an assault or the fear of assault, demonstrate deliberate indifference to the inmate's safety and may be liable under the Eighth Amendment.") (citations omitted).

Accepting Kealoha's allegations as true and liberally construing his Complaint, the court finds that he states a cognizable claim that Defendants Espinda, Sequeira, Antonio, Hoffman, Kimoto, Kaplan, Borges, Paleka, Chun,

Maguire, Faasuamanu, and Fiatoa acted with deliberate indifference to his safety and this claim shall proceed.

**B.     Count II:  Inadequate Medical Care**

Kealoha states that on December 26, 2014, he gave Defendant Cabrero a medical request for medication and to be scheduled for an appointment with a physician for a shoulder injury.  Compl., ECF No. 1, PageID #16-17.  Kealoha alleges that Cabrero failed to provide him health care and Defendants Agaran, Mun, Dr. Frauens, and Does 1-150 thereafter denied him "healthcare after having knowledge of [his] serious medical need causing [him] on-going pain and suffering."  *Id.*, PageID #17.

Kealoha alleges that, on or about October 9, 2015, Dr. Toyama issued a medical memorandum allowing him to be handcuffed in front (rather than behind his back) to reduce his shoulder pain, although he claims that Dr. Toyama never examined him.

   *1.     Improper Joinder*

Unrelated claims that involve different defendants must be brought in separate lawsuits.  *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997); *Tagle v. Nev. Dep't of Corr.*, 2016 WL 910174, at

*2 (D. Nev. Mar. 9, 2016); *Washington v. Cal. Dep't of Corr.*, 2016 WL 6599812, at *1 (E.D. Cal. Nov. 7, 2016). This rule prevents confusion and ensures that prisoners pay the required filing fees for their lawsuits and prevents them from circumventing the three-strikes rule set forth under the Prison Litigation Reform Act ("PLRA"). *See George*, 507 F.3d at 607; 28 U.S.C. § 1915(g). The court may sever misjoined parties as long as no substantial right is prejudiced by severance. *Coughlin*, 130 F.3d at 1350.

The court discerns no connection between Kealoha's medical care claims in Count II as alleged against HCF medical providers, and his claims in Count I that DPS and HCF officials and staff labeled him as an FBI informant to incite gang members and other inmates to assault him. Kealoha's claims against Defendants Cabrero, Agaran, Mun, Dr. Frauens, Dr. Toyama, and Does 1-150 are DISMISSED without prejudice from this action. Kealoha may assert these claims in a separate action.

### 2.  *Failure to State a Claim Under the Eighth Amendment*

Even if Kealoha's inadequate medical care claims are sufficiently related to his claims in Count I to proceed in this action (and they are not), his allegations fail to state a claim. To succeed on an Eighth Amendment claim for the delay or denial of medical care, a plaintiff must establish that he had a serious medical need

and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw that inference. *Farmer*, 511 U.S. at 837. Deliberate indifference requires "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (same). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). Even gross negligence is insufficient to establish a cognizable claim for deliberate indifference to serious medical needs. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Nor do

differences of opinion between a prisoner and prison medical staff regarding the proper course of treatment give rise to a § 1983 claim.  *See Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

Kealoha fails to allege sufficient facts from which the court can plausibly infer that any Defendant violated the Eighth Amendment.  For example, Kealoha fails to allege when or how he asked Cabrero for medication and an appointment on December 26, 2014, or detail her response to his request.  If he submitted a written request late in the evening, Cabrero's alleged failure to respond immediately may not evince deliberate indifference.  Kealoha also fails to allege what steps he took to obtain medical care after he submitted a request on December 26, 2014, or what Defendants' responses were.  That is, Kealoha fails to explain how he made Agaran, Mun, Dr. Frauens, and Does 1-150, aware of his serious medical need, and what actions they took to deny him care, so as to support a claim of deliberate indifference.  He also fails to explain why Dr. Toyama issued a medical memorandum allowing him to be handcuffed in front if Kealoha had never been examined by any medical provider, or how this shows that Dr. Toyama was deliberately indifferent to his serious medical need.   Finally,

Kealoha fails to allege any facts showing that he suffered harm from Defendants' alleged delay or denial of medical care. Kealoha fails to state a claim for delay or denial of medical care and this claim is DISMISSED for failure to state a claim.

**C.    Doe Defendants 1-200**

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal to serve a summons and complaint upon an anonymous defendant. The use of doe defendants is therefore generally disfavored in the federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown at the time a complaint is filed, however, a plaintiff may refer to the unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege facts to support how each particular doe defendant violated his constitutional rights. The plaintiff may thereafter use the discovery processes to obtain the names of doe defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants, unless it is clear that discovery would not uncover their identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Kealoha indiscriminately sues Doe Defendants 1-200 without explaining their positions with DPS or HCF or alleging how each individual violated his rights. Kealoha fails to state a claim against Doe Defendants 1-200 and they are DISMISSED. He may reallege claims against Doe Defendants, subject to the limitations set forth herein, but he must allege specific facts showing what each particular Doe Defendant did to violate his rights.

## V. CONCLUSION

(1) The Complaint is DISMISSED IN PART. Specifically, Kealoha states a claim under the Eighth Amendment against Defendants Espinda, Sequeira, Antonio, Hoffman, Kimoto, Kaplan, Borges, Paleka, Chun, Maguire, Faasuamanu, and Fiatoa in Count I, and this claim shall proceed.

(2) Count II is improperly joined with claims in Count I and fails to state a claim as alleged against Defendants Cabrero, Agaran, Mun, Dr. Frauens, and Dr. Toyama. Count II is DISMISSED without prejudice to filing these claims in a separate action, but without leave to reallege these claims in *this* action.

(3) Doe Defendants 1-200 are DISMISSED without prejudice.

(4) The court will issue a separate Service Order directing the United States Marshal to serve the Complaint, as limited by this Order, on Defendants Espinda,

Sequeira, Antonio, Hoffman, Kimoto, Kaplan, Borges, Paleka, Chun, Maguire, Faasuamanu, and Fiatoa, and they SHALL be required to respond.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 24, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Kealoha v.Espinda, et al.*,1:16 00486 JMS KJM; scrn 2017 Kealoha 16 408 (dsm in prt, sever ct 2)